IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MARION MITCHELL                                                                          PLAINTIFF

VS.                                                                  CAUSE NO. 1:10-CV-135-D-D

OKOLONA SCHOOL DISTRICT,
DR. TERESA PRICE, SARA BEAN,
WILLIAM RANDLE, HOWARD GUNN,
LINDA LOUDERMILL, IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITIES                     DEFENDANTS

## OPINION GRANTING MOTION TO DISMISS
## BASED ON QUALIFIED IMMUNITY

Presently before the Court is Defendants', Dr. Teresa Price, Sara Bean, William Randle, Howard Gunn and Linda Loudermill, motion to dismiss based on qualified immunity doctrine as to all § 1983 and Title VII individual-capacity claims alleged by Plaintiff. Plaintiff failed to respond to the motion. After reviewing the motion, pleadings, rules, and authorities, the Court makes the following findings:

*A. Factual and Procedural Background*

Plaintiff, Marion Mitchell (hereinafter "Plaintiff"), an African-American female, was hired by the Okolona School District to serve as Superintendant of Okolona School District on or around July 1, 2008. During her tenure as Superintendant, Plaintiff recommended and hired Caucasian employees for employment positions over less qualified African-American. Plaintiff did not include in her Complaint the date she was terminated or the stated reason the School Board gave for terminating her. In Defendants' motion, they also failed to give a termination date or the stated reason as to why Plaintiff was terminated but Defendants do admit that Plaintiff's contract terminated before the end of its term.

On May 5, 2010, Plaintiff filed the Complaint in the present action in which Plaintiff alleges that Okolona School District and Defendants discriminated against her based on her race, sex, and in violation of her rights secured by the First Amendment and Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and under Title VII of the Civil Rights Act of 1964, as amended, Title 42 U.S.C. § 1981 and 42 U.S.C. § 1983. Plaintiff claims that Defendants subjected her to race and sex discrimination in its discipline practices and retaliated against her when she hired a more qualified white female business manager over a less qualified African-American female, which she claims was her way of speaking out against discrimination in the workplace. Plaintiff also claims that Defendants treated her less favourably than male superintendents because she was not afforded the same terms and conditions of employment that were afforded to male superintendents. Plaintiff claims Defendants violated her procedural and substantive due process rights under the Fourth and Fourteenth Amendments. All of Plaintiff's claims are supported by one fact allegation, that her contract was terminated due to the fact she refused to engage in discriminatory hiring practices.

Defendants did not file an Answer to the Complaint but instead the individually named defendants filed the present motion to dismiss based on qualified immunity. In the present motion, Defendants argue that Plaintiff's allegation is legally impossible considering under Mississippi law she had no authority to hire employees and therefore she could not have been fired for refusing to engage in discriminatory hiring practices. Defendants also argue that Plaintiff cannot rebut the presumption that qualified immunity applies.

As further discussed herein, the Court finds that the individual Defendants are entitled to qualified immunity and the Plaintiff's claims against the individual Defendants shall be dismissed.

## B. Motion to Dismiss Standard

To overcome a Federal Rules of Civil Procedure 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *accord Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868, 883-85 (May 18, 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (*citing Twombly*, 550 U.S. at 556). However, if the assertions made within a complaint, even if true, "'could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (*citing Twombly*, 550 U.S. at 558, 127 S.Ct. 1955) (internal quotation marks omitted)).

## C. Qualified Immunity

Qualified immunity shields public officials from personal liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights or their conduct is objectively reasonable. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Gagne v. City of Galveston*, 805 F.2d 558, 559 (5th Cir. 1986).

A claim of qualified immunity requires the court to engage in a two-step analysis. The court must first determine whether the defendant has violated an actual constitutional right. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). "The first inquiry in any section 1983 suit is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker v. McCollan*, 443 U.S. 137, 139, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979) (*quoting* 42 U.S.C. § 1983). If the answer is "no," the analysis ends.

*Freeman v. Gore*, 483 F.3d 404, 410-11 (5th Cir. 2007). If the answer is "yes," then the court must consider whether the defendant's actions were objectively unreasonable in light of clearly established law at the time of the conduct in question. *Id.* at 411. The standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law. *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) (citations omitted).

The Fifth Circuit has held that claims brought under §1983 against public officials have a heightened pleading requirement and that a §1983 claim requires a plaintiff to allege "more than conclusory assertions. It requires claims of specific conduct and actions giving rise to a Constitutional violation." *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).

### D. Discussion

#### i. Section 1983

Section 1983 provides that any person who, under color of state law, deprives another of "any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ..." 42 U.S.C. § 1983. Rather than creating substantive rights, § 1983 simply provides a remedy for the rights that it designates. Thus, an underlying constitutional or statutory violation is a predicate to liability under § 1983. As discussed below, Plaintiff has failed to prove a constitutional or statutory violation to create liability under § 1983.

##### a) First Amendment Retaliation Claim

The Supreme Court has held that the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen on matters of public concern. *Garcetti v. Ceballos*, 547 U.S. 410, 417, 126 S. Ct. 1951, 1957, 164 L. Ed. 2d 689 (2007); *Pickering v.*

4

*Board of Educ.*, 391 U.S. 563, 568, 88 S. Ct. 1731, 1734-35, 20 L. Ed. 2d 811 (1968); *Connick v. Myers*, 461 U.S. 138, 147, 103 S. Ct. 1684; *Rankin v. McPherson*, 483 U.S. 378, 384, 107 S. Ct. 2891, 97 L. Ed. 2d 315 (1987); *United States v. Treasury Employees*, 513 U.S. 454, 466, 115 S. Ct. 1003, 130 L. Ed. 2d 964 (1995); *Williams v. Dallas Ind. Sch. Dist.*, 480 F.3d 689, 691-92 (5th Cir. 2007).

Pursuant to the Supreme Court's ruling in *Garcetti*, following *Pickering*, a public employee's speech is protected only when (1) the employee is speaking as a citizen; (2) on a matter of public concern; and (3) the government employer does not have adequate justification for treating the employee differently from any other member of the general public as a result of the statement he or she made. *Garcetti*, 547 U.S. at 418 (emphasis added).

Plaintiff claims Defendants violated her 1st Amendment rights by retaliating against her when she spoke out against discrimination in the workplace by hiring a Caucasian female business manager instead of a less qualified African-American female. Plaintiff is therefore claiming that her act of hiring was symbolic speech amounting to First Amendment protected speech.

Defendants argue Plaintiff has no legal authority to hire School district employees citing Miss. Code Ann. §37-7-301(p) and *Yarbrough v. Camphor*, 645 So.2d 867, 871 (Miss. 1994). However, Miss. Code Ann. §37-9-3 provides that the superintendent or the administrative superintendent must recommend to the school board all non- instructional employees. §37-7-301 provides that school boards have authority to employ non-instructional employees upon the recommendation of the superintendent. See Miss. Code Anno. §37-7-301; Op.Atty.Gen. No. 2001-0116, Boyles, March 2, 2001. Therefore, the issue of whether Plaintiff actually hired the

employee is not an issue due to the fact the school board has no authority to hire an employee whom the Superintendant did not recommend to hire.

Instead, the Court first must determine whether Plaintiff spoke as a citizen on a matter of public concern. Plaintiff by her own admission was retaliated against for hiring a Caucasian female, which she did in her official capacity. Therefore, the Court finds that Plaintiff was clearly acting in her official capacity as the Superintendant and not as a citizen when she engaged in the symbolic speech of hiring or recommending for hire a Caucasian female over an African-American female. Plaintiff has failed to satisfy the first inquiry and accordingly has no First Amendment cause of action. The Court will not address the defence of qualified immunity due to the fact Plaintiff has failed to show that Defendants violated her "clearly established" First Amendment rights. Plaintiff's First Amendment retaliation claim against Defendants shall be dismissed.

### b) *Equal Protection Clause of the Fourteenth Amendment Claim*

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause directs that "all persons similarly circumstanced shall be treated alike." *Plyler v. Doe*, 457 U.S. 202, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982) (quoting *F. S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415, 40 S.Ct. 560, 561, 64 L.Ed. 989 (1920)).

Plaintiff claims that Defendants violated the Equal Protection clause of the Fourteenth Amendment by discriminating against her in discipline and by denying Plaintiff the same terms and conditions of employment afforded male employees who served as superintendant of the district.

The Fifth Circuit has held that in order for a plaintiff to establish disparate treatment, she must show "that the misconduct of which the plaintiff was discharged was nearly identical to that engaged in by other employees." *Okoye v. Univ. of Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001) (*citations omitted*). Accordingly, Plaintiff must show that other superintendants were not terminated when they hired Caucasian employees. Again, the only fact Plaintiff relies upon is that she was discriminated against due to her alleged hiring decisions to hire more qualified Caucasians instead of less qualified African-Americans. Plaintiff fails to support her claim alleging that similarly situated individuals were treated differently by the school district. Plaintiff's conclusory statement that Defendants violated the Equal Protection Clause of the 14th Amendment without any supporting facts fails to meet the heightened pleading requirement. See *Baker*, 75 F.3d at 195.

### c) Violation of Procedural and Substantive Due Progress Claim

The Fourteenth Amendment provides no State may "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects an individual's liberty interest which is viewed as including an individual's freedom to work and earn a living and to establish a home and position in one's community. *Board of Regents of State Colleges*, 408 U.S. 564, 572, 92 S. Ct. 2701, 2706-07, 33 L.Ed.2d 548 (1972).

The Due Process Clause guarantees procedural due process which requires notice of the basis for the proposed action and a fair opportunity to be heard. See *Walker v. City of Hutchinson*, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956).

Defendants admit that Plaintiff, as a licensed school district employee under an employment contract, had a certain property interest in her employment for the duration of her

7

employment contract. Defendants also admit that Plaintiff's contract was terminated prior to its termination and that Plaintiff was entitled to certain notice and an opportunity to be heard regarding her termination. However, Plaintiff fails to allege that she was not given notice or a hearing regarding her termination. Plaintiff merely makes the conclusory statement that defendants "violated her procedural and substantive due process rights under the Fourth and Fourteenth Amendments" and has failed to show that Defendants violated a her procedural due process rights.

The Due Process Clause also contains a substantive component that bars certain arbitrary, wrongful government actions "regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). Again, Plaintiff has failed to allege any facts supporting her conclusory statement that her substantive due process rights were violated. Therefore, Plaintiff has again failed to meet the heightened pleading requirement.

Therefore, the Court finds that Plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face" and her claims the Defendants violated the Equal Protection Clause shall be dismissed.

### d) Discrimination under 42 U.S.C. §1981

First, the Plaintiff must establish a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). To establish a *prima facie* case, Plaintiff must establish each of the following elements:

1. That she belongs to a protected class;
2. That she was qualified for the position he sought;
3. That she suffered an adverse employment decision; and
4. That the position was filled by someone outside the protected class.

*DeCorte v. Jordan*, 497 F.3d 433, 437 (5th Cir. 2007)(citing *Manning v. Chevron Chem Co., LLC*, 332 f.3d 874, 881 (5th Cir. 2003)); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). Once a *prima facie* case is established, the burden then shifts to the defendant to articulate "a legitimate, nondiscriminatory reason" for its employment action. *DeCorte*, 497 F.3d at 437. If the employer meets this burden, the plaintiff bears the final burden of proving that the employer's proffered reason is a pretext for discrimination-either through evidence of disparate treatment or by showing that the employer's explanation is false or unworthy of credence. *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003).

Defendants concede, for purposes of their motion, that Plaintiff meets the requirements of the first three prongs: Plaintiff is an African-American female, she is qualified for the position and her teaching contract was terminated before not renewed. However, Plaintiff failed to plead that she was replaced by someone outside the protected class. The Court is unable to find anything in the record which suggested that Plaintiff was replaced by someone outside of the protected class. Therefore, Plaintiff has failed to established a *prima facie* case of race or sex discrimination and the Court's analysis stops here. The Court is of the opinion that Plaintiff's claims for race and sex discrimination against the Defendants should be dismissed.

### e) Title VII Claims

Plaintiff claims that Defendants subjected her to race and sex discrimination in its discipline practices and conditions of employment in violation of Title VII of the Civil Rights Act of 1964. Title VII makes it unlawful for an employer "to discriminate against any individual with respect to his compensation, terms conditions, or privileges of employment, because of such individual's race, color, religion, sex . . . ." 42 U.S.C. §2000e-2(a)(1)(2006).

The Fifth Circuit has held that public employees, sued in their individual capacities, cannot be held liable under Title VII. See *Grant v. Lone Star Co.*, 21 F.3d 649 (5th Cir.1994), *Harvey v. Blake*, 913 F.2d 226, 227-28 (5th Cir.1990), *Hamilton v. Rodgers*, 791 F.2d 439 (5th Cir.1986), *Clanton v. Orleans Parish Sch. Bd.*, 649 F.2d 1084 (5th Cir. Unit A July 1981). Therefore, the Court finds that Plaintiff's Title VII claims against Defendants in their individual capacities shall be dismissed.

### ii.   *Individual Defendants' Actions were Objectively Reasonable*

The Court is of the opinion that Plaintiff has failed to adequately allege that Defendants violated any "clearly established" rights and therefore it is not necessary to determine whether Defendants' actions were "objectively reasonable." See *Baker*, 75 F.3d at 198. However out of an abundance of caution, the Court will briefly address the second-step of the Baker analysis.

Even if Plaintiff did show the individual Defendants' actions violated her "clearly established" constitutional rights, she still has to show their actions were "objectively unreasonable" in order for them to be held individually accountable. An official's "acts are held to be objectively reasonable unless all reasonable officials in the defendant's circumstances would have known that their conduct violated the United States Constitution or the federal statute as alleged by the plaintiff." *Harris v. Mississippi Valley State University*, 873 So.2d 970, 980 (Miss. 2004) (citations omitted). As stated above, Plaintiff relies on one fact allegation, that her contract was terminated due to the fact she hired a Caucasian female over a less qualified African-American female. There are no other fact allegations to support any argument that Defendants' actions were objectively unreasonable. Accordingly, the Court finds the individual Defendants are entitle to qualified immunity and Plaintiffs claims against them shall be dismissed.

*E. Conclusion*

In sum, the Court finds that Plaintiff has failed to meet the heightened pleading requirement that Defendants' violated "clearly established" constitutional rights or show that Defendants' actions were objectively unreasonable. Therefore, Defendants' motion to dismiss will be granted.

A separate order in accordance with this opinion shall issue this day.

This the ___ day of March, 2011.

_____
Senior Judge